ATTORNEY GENERAL HENRY HAS ASKED ME TO RESPOND TO YOUR RECENT LETTER INQUIRING WHETHER THE OKLAHOMA APPELLATE PUBLIC DEFENDER SYSTEM HAS ANY STATUTORY AUTHORITY TO PARTICIPATE IN ANY MANNER IN THE INVESTIGATION OR TRIAL OF A CAPITAL CASE. BECAUSE AN ANSWER TO THIS QUESTION IS EVIDENT FROM A CLEAR READING OF THE PERTINENT STATUTES, AN OFFICIAL ATTORNEY GENERAL'S OPINION IS NOT REQUIRED AND THIS INFORMAL OPINION, EXPRESSING THE VIEWS OF THE UNDERSIGNED ASSISTANT ATTORNEY GENERAL, IS SUFFICIENT TO RESPOND TO YOUR CONCERNS.
S YOU NOTE IN YOUR REQUEST, THE AUTHORITY OF THE APPELLATE PUBLIC DEFENDER SYSTEM IS EXPRESSLY DETAILED IN 22 O.S. 1355 (1989) ET SEQ, AS AMENDED IN 1988, AND IN 22 O.S. 1089 (1989), ADDED IN 1987. THE CAPITAL DIVISION OF THE OKLAHOMA APPELLATE PUBLIC DEFENDER SYSTEM IS CHARGED WITH THE RESPONSIBILITY OF PERFECTING ALL DIRECT APPEALS AND POST-CONVICTION PROCEEDINGS IN ALL CAPITAL CASES ASSIGNED TO IT BY STATE DISTRICT COURTS AND FEDERAL COURTS. 22 O.S. 1356(A) (1989). A SUBSEQUENT STATUTORY ENACTMENT EXPRESSLY DIRECTS THE DIVISION TO PERFECT PETITIONS FOR WRITS OF CERTIORARI BEFORE THE UNITED STATES SUPREME COURT. 22 O.S. 1360(B) (1989). THAT SAME SECTION PERMITS THE CAPITAL DIVISION TO REPRESENT CAPITAL DEFENDANTS IN COLLATERAL FEDERAL HABEAS CORPUS PROCEEDINGS WHEN APPOINTED AND PAID BY DESIGNATION OF THE FEDERAL COURT.
IN DETERMINING WHETHER THE OKLAHOMA APPELLATE PUBLIC DEFENDER SYSTEM IS AUTHORIZED-TO PARTICIPATE IN PRETRIAL AND TRIAL PROCEEDINGS, ONE MAY LOOK TO THE LANGUAGE OF THE STATUTE CREATING THE SYSTEM. OKLAHOMA HAS RECOGNIZED THE CARDINAL RULE OF STATUTORY CONSTRUCTION THAT "WHERE THE LANGUAGE OF A STATUTE IS PLAIN AND UNAMBIGUOUS AND THE MEANING CLEAR AND UNMISTAKABLE, THERE IS NO ROOM FOR CONSTRUCTION, AND NO JUSTIFICATION EXISTS FOR INTERPRETATIVE DEVICES TO FABRICATE A DIFFERENT MEANING." WADE V. BROWN, 516 P.2D 526 (OKL.1973) QUOTING IN RE GUARDIANSHIP OF CAMPBELL, 450 P.2D 203 (OKL.1966). FURTHER, STATUTES ARE TO BE CONSTRUED BY READING THEIR PROVISIONS WITH THE ORDINARY AND COMMON DEFINITIONS OF THE WORDS USED, AND WE MUST ASSUME THAT THE LAW-MAKING AUTHORITY INTENDED FOR THEM TO HAVE THE SAME MEANING AS THAT ATTRIBUTED TO THEM IN ORDINARY AND USUAL PARLANCE. RIFFE PETROLEUM CO. V. GREAT NAT. CORP.. INC., 614 P. 2D 576 (OKL.1980).
MATTER OF INCOME TAX PROTEST OF ASHLAND, 751 P.2D 1070, 1073 (OKL. 1988). SEE ALSO JORDAN V. STATE, 763 P.2D 130, 131 (OKL.CR. 1988).
IN THE PRESENT CASE, THE NAME GIVEN THE STATUTORILY CREATED SYSTEM CLEARLY INDICATES THAT ITS OBJECTIVE IS TO PROVIDE ASSISTANCE UPON APPEAL TO INDIGENT DEFENDANTS. UNLIKE PUBLIC DEFENDER SYSTEMS CREATED FOR OKLAHOMA AND TULSA COUNTIES, THE SYSTEM CREATED PURSUANT TO 22 O.S. 1355 (1989) ET SEQ. IS EXPRESSLY CONCERNED WITH APPEALS AS OPPOSED TO ALL PHASES OF TRIAL AND APPEAL. THUS, THIS WRITER IS OF THE OPINION THAT THE LANGUAGE OF THE STATUTE ITSELF DEEMS THE SYSTEM WITHOUT AUTHORITY TO PARTICIPATE IN PRETRIAL AND TRIAL PROCEEDINGS OF A CAPITAL CASE.
NO EXPRESS PROVISION BY THE OKLAHOMA LEGISLATURE AUTHORIZES ANY MEMBER OF THE OFFICE OF THE APPELLATE PUBLIC DEFENDER SYSTEM CAPITAL DIVISION TO REPRESENT A CAPITAL DEFENDANT PRIOR TO OR DURING TRIAL, ALTHOUGH EXPRESS AUTHORITY IS GIVEN REGARDING DIRECT AND COLLATERAL APPEAL PARTICIPATION BY THE OKLAHOMA APPELLATE PUBLIC DEFENDER SYSTEM. AS A FURTHER AID TO DETERMINING LEGISLATIVE INTENT REGARDING THE AUTHORITY OF THE OKLAHOMA APPELLATE PUBLIC DEFENDER, IT IS APPROPRIATE TO APPLY THE MAXIM EXPRESSIO UNIUS EST EXCLUSIO ALTERIUS, WHICH MEANS THAT THE MENTION OF ONE THING IN A STATUTE IMPLIES EXCLUSION OF ANOTHER. SEE HOLBERT V. ECHEVERRIA, 744 P.2D 960, 965 (OKL. 1987); SEE ALSO MCCULLICK V. STATE, 682 P.2D 235, 236 (OKL.CR. 1984). THUS, BECAUSE THE STATUTES CREATING THE OKLAHOMA PUBLIC APPELLATE PUBLIC DEFENDER SYSTEM — CAPITAL DIVISION DO NOT ADDRESS PARTICIPATION IN PRETRIAL OR TRIAL PROCEEDINGS, THAT DIVISION IS NOT AUTHORIZED TO SO PARTICIPATE.
(SUSAN STEWART DICKERSON)